```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

THOMAS H. BERRY,                )
                                )
          Petitioner,           )
                                )
     v.                         )    No. 4:07 CV 1788 DDN
                                )
DON ROPER,                      )
                                )
          Respondent.           )

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Thomas H. Berry for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

On March 12, 2002, petitioner Thomas H. Berry was sentenced to consecutive terms of 10 years imprisonment for attempted forcible rape and 10 years for kidnaping. (Doc. 1.) On December 17, 2002, the Missouri Court of Appeals affirmed the trial's court judgment. State v. Berry, 92 S.W.3d 314 (Mo. Ct. App. 2002) (per curiam). Petitioner has served his prison term for attempted forcible rape and is currently serving the prison term for his kidnaping sentence. (Doc. 1 at 4.)

## II. PETITIONER'S GROUNDS FOR HABEAS RELIEF

Petitioner alleges two grounds for relief in this habeas petition:

(1) The parole board erred in making him ineligible for parole until after serving forty percent of his sentence for kidnaping; and

(2) The parole board erred in making him ineligible for parole until after serving eighty-five percent of his sentence for attempted forcible rape.

(Doc. 1 at 6-8.)

Respondent argues that petitioner's claims are unexhausted and without merit.

## III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Supreme Court has held that in order to satisfy the exhaustion requirement, the petitioner must have fairly presented his claim to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Wayne v. Mo. Bd. of Prob. and Parole, 83 F.3d 994, 998 (8th Cir. 1996) (ruling petitioner satisfies federal habeas corpus exhaustion requirement by engaging one full round of state court litigation in Missouri habeas corpus proceedings). If petitioner has not raised a claim at the trial court or appellate court level, or he can no longer do so because he defaulted on the requirements of otherwise available procedures, then the claim is procedurally barred from being considered by the federal courts. King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-1150 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in habeas action in federal court); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

A petitioner can overcome a procedural bar by demonstrating either: 1) cause for the procedural default and actual prejudice as a result of the alleged violation of a federal law. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (establishing that the cause and prejudice standard will be applied in "all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule"); or 2) that the failure to review the claims will "result in a fundamental miscarriage of justice." Id. A petitioner may show that he has suffered a fundamental miscarriage of

justice by asserting his actual innocence, buttressing his allegations with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995).

To establish legally sufficient cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Coleman, 501 U.S. at 750-52. Establishing that an objective factor external to the defense was the cause of petitioner's procedural default would require "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable. . . ." Murray v. Carrier, 477 U.S. 478, 488 (1986).

In his petition, petitioner has admitted that he has not presented his federal grounds for habeas corpus to any state court. (Doc. 1 at 5-13). Petitioner has only appealed the underlying state court conviction. Further, petitioner has not alleged that any external factor prevented him from raising his claims in the appropriate forum. Nor has petitioner asserted his actual innocense or demonstrated that failure to review his claims would represent a "fundamental miscarriage of justice." Schlup, 513 U.S. at 324.

Consequently, petitioner is procedurally barred from presenting his habeas claims in this court.

However, an application for a writ of habeas corpus may still be denied on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### IV. DISCUSSION OF MERITS

A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Middleton v. Roper, 455 F.3d 838, 852 (8th Cir. 2006). Petitioner bases his grounds for relief upon a misinterpretation of the Missouri state parole laws. While such an issue of state law is not cognizable for this court to decide in this habeas corpus proceeding,

Closs v. Weber, 238 F.3d 1018, 1023 (8th Cir. 2001), the court thinks it appropriate to rule the merits of his grounds.

Petitioner's first ground alleges that the Missouri state board of parole erred when it decided that he would only be eligible for parole after serving forty percent of his sentence for kidnaping. However, respondent is correct in stating that petitioner does not have a minimum term of forty percent for kidnaping, but an eighty-five percent minimum term for kidnaping. The kidnaping sentence carries an eighty-five percent requirement because under Missouri law, kidnaping is considered a dangerous felony. See Mo. Rev. Stat. § 556.061.8. Specifically, when an offender "has pleaded guilty to or has been found guilty of a dangerous felony . . . [he] shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court. . . ." See Mo. Rev. Stat. § 558.019.3.

The parole board's application of an eighty-five percent minimum requirement for petitioner's kidnaping charge was proper. As a result, petitioner's first claim is without merit.

Petitioner similarly misconstrues the sentencing for his second conviction of attempted forcible rape. In his second ground for relief, petitioner claims that the parole board erred in making him eligible for parole only after serving eighty-five percent of his attempted forcible rape sentence. The board, in fact, applied a forty percent requirement for this underlying conviction and petitioner has already served the sentence. (Id. Doc. 1 at 4.) Accordingly, petitioner's second claim is without merit.

## V. CONCLUSION

For the reasons stated above, the petition of Thomas H. Berry for a writ of habeas corpus is denied. An appropriate order is issued herewith.

                                        /S/   David D. Noce
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on December 19, 2008.